<hr />

## 19795

Harold TYNER, Respondent, v. TOWN CREEK BOAT YARDS, INC., d/b/a Herbert J. Butler Yachts, Appellant, and Pacemaker Corporation, Respondent.

(204 S. E. (2d) 49)

*Coming B. Gibbs, Jr., Esq., of Gibson, Gibbs & Krawcheck,* of Charleston, *for Appellants.*

*B. Allston, Jr., Esq., of Buist, Moore, Smythe & McGee,* of Charleston, *for Respondent,*

April 1, 1974.

*Per Curiam:*

The defendant Pacemaker Corporation is a New Jersey manufacturer of nationally advertised boats. The defendant Herbert J. Butler Yachts, appellant here, is Pacemaker's franchise dealer in the Charleston area. In March, 1970, the plaintiff, Harold Tyner, purchased for $19,500.00 a new Pacemaker Alglas 28′ Express Cruiser and Sport Fisherman from Butler. The boat was so seriously defective as to be of no service to the purchaser. After unsuccessful attempts by Butler to repair it, the vessel was returned to the manufacturer, and has never again been in Tyner's possession.

In June, 1971, Tyner sued Butler and Pacemaker for his loss. The complaint prayed for actual and punitive damages upon two causes of action, *i. e.,* breach of warranty and conversion. Pacemaker filed a cross-complaint against Butler,

claiming that plaintiff's loss was caused by Butler's negligent failure to properly discharge its duties as franchise dealer and seeking indemnification from Butler.

After a lengthy trial, the jury found in favor of Tyner on both causes of action against Pacemaker alone, and awarded him $16,840.24 actual damages and $10,000.00 punitive damages. It found in favor of Pacemaker against Butler on the cross-complaint $5,000.00. By order *nisi,* accepted by plaintiff, the award against Pacemaker was reduced to $12,991.11 actual damages and $5,500.00 punitive damages.

This appeal is by Butler alone from the refusal of its motion for a new trial, the relevant ground of which was "that the circumstances were such that the entire verdict of the jury is contaminated, the jury not having understood the instructions of the Court, and not having returned, initially, and after reinstruction by the Court, a verdict which conformed to the Court's instructions. As a result thereof, the only inference is that the jury, through confusion or otherwise, did not properly follow the Court's instructions in deliberating its verdict in this case, and all parties are entitled to a new trial."

We agree with the trial judge that this ground of the motion was without merit. The confusion or uncertainty which prompted the trial judge to twice reinstruct the jury before receiving its verdicts concerned only the verdicts against Pacemaker on the cause of action set forth in the complaint. The verdict against appellant on the cross-complaint was clear and consistent throughout, and was properly accepted as the verdict of the jury.

Affirmed.